**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABU ZAFAR HOWLADER, | No. 11-70086 |
| Petitioner, | Agency No. A097-877-521 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 20, 2014
Pasadena, California

Before: TASHIMA, W. FLETCHER, and BYBEE, Circuit Judges.

Abu Howlader petitions this Court for review of the BIA's denial of his

applications for asylum, withholding of removal, and protection under CAT. This

Court reviews the denial of asylum, withholding of removal, and CAT protection

for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2013). Likewise, we review adverse credibility determinations for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Here, substantial evidence supports the BIA's determination that Petitioner was not credible. Because this is a pre-REAL ID Act case, inconsistencies offered to support an adverse credibility determination must "go[] to the heart of an asylum claim." *Rizk v. Holder*, 629 F.3d 1083, 1087 & n.2 (9th Cir. 2011). The BIA identified several inconsistencies in Petitioner's testimony about his alleged hospitalization following an attack. Specifically, the BIA observed inconsistencies in Petitioner's description of the location of the hospital to which he was taken and the duration of his hospital stay. These inconsistencies concern events central to his claim of persecution and therefore go to the heart of his claim. *See id.* at 1091. Moreover, the BIA determined—and Petitioner does not contest on appeal—that the medical record Petitioner submitted to corroborate his claimed hospitalization was fraudulent. When viewed together with the fraudulent medical record, the inconsistencies in Petitioner's statements constitute substantial evidence to support the BIA's adverse credibility determination and denial of asylum. *Id.*; *see also Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004) (observing that "the

2

use of a fraudulent document may, considering the totality of the record, lend support to an adverse credibility finding").

Because we conclude that the BIA's denial of asylum was supported by substantial evidence, we also affirm the denial of withholding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Petitioner's CAT claim arises from the same evidence that the BIA deemed not credible. Accordingly, we conclude that the BIA's denial of CAT protection is also supported by substantial evidence. *Id.* at 1157.

**Petition DENIED**.